**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-cv-80927-BLOOM/Reinhart**

DARLENE DIENTE-DEARY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon Plaintiff Darlene Diente-Deary's ("Plaintiff") Motion for Summary Judgment, ECF No. [17] ("Plaintiff's Motion"), and Defendant Andrew Saul, Commissioner of the Social Security Administration's ("Defendant") Motion for Summary Judgment, ECF No. [18] ("Defendant's Motion"). In this case, Plaintiff seek judicial review of a final decision of the Commissioner of the Social Security Administration that denied Plaintiff's application for disability insurance benefits and supplemental security income under the Social Security Act, 42 U.S.C. §§ 401, *et seq*. *See* ECF No. [1]. This case was referred to the Honorable Bruce E. Reinhart, United States Magistrate Judge, consistent with Administrative Order 2018-15, for a ruling on all pre-trial, non-dispositive matters and report and recommendations on any dispositive matters, pursuant to 28 U.S.C. § 636 and Local Magistrate Judge Rule 1. ECF No. [2]. On July 12, 2019, Judge Reinhart issued a Report and Recommendations recommending that Plaintiff's Motion be denied and that Defendant's Motion be granted, and that the decision of the Administrative Law Judge ("ALJ") be affirmed. ECF No. [21] ("R&R"); *see* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy [of a report and

recommendations], any party may serve and file written objections . . . as provided by rules of court."). Plaintiff timely filed her objections to the R&R, ECF No. [22] ("Objections"), and Defendant filed a response, ECF No. [23]. The Court has reviewed both Motions, the record and the applicable law, has conducted a *de novo* review of Judge Reinhart's R&R in light of the Objections, and is otherwise fully advised. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) ("Where a proper, specific objection to the magistrate judge's report is made, it is clear that the district court must conduct a *de novo* review of that issue.").

## I.  BACKGROUND

The Court adopts Judge Reinhart's description of the procedural and administrative history and record below, R&R at 2, 4-11, and incorporates it by reference herein.

## II.  LEGAL STANDARD

Plaintiff does not object to Judge Reinhart's recitation of the standard for judicial review of a final decision by the Commissioner of the Social Security Administration, which, in any event, is correct.[1] As stated in the R&R, judicial review of the ALJ's decision is limited to whether "'it is supported by substantial evidence and based on proper legal standards.'" *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). "'Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" *Id.* (quoting *Lewis*, 125 F.3d at 1439); *accord Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (substantial evidence is "more than a mere scintilla, but less than a preponderance") (internal quotation and citation omitted). A court,

---

[1] Here, the September 8, 2017 ALJ determination became the Commissioner's "final decision" when the Appeals Council denied Plaintiff's request for review. *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986) ("[Plaintiff] exhausted his administrative remedies whereupon the ALJ's determination became the Secretary's final decision.").

however, "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ].'" *Winschel v. Comm'r*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks and citations omitted); *accord Packer v. Comm'r, Soc. Sec. Admin.*, 542 F. App'x 890, 891 (11th Cir. 2013) ("[W]e may not reweigh the evidence or substitute our judgment for that of the ALJ.") (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995). Even if evidence preponderates against the ALJ's decision, a court must affirm "if the decision is supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing 42 U.S.C. § 405(g)).

The R&R, at 11-14, properly states the legal and regulatory standards an ALJ must employ in making a determination as to eligibility for disability insurance benefits.

### III. DISCUSSION

Plaintiff argues that the Court should reverse the Commissioner's determination that she is not disabled because: (1) the ALJ committed error in weighing Dr. Noelle T. Stewart's medical opinions; and (2) the Appeals Council erred in denying Plaintiff's request for review despite the presentation of new evidence. Plaintiff further objects and asserts that the R&R relies on *post hoc* rationalization to uphold the ALJ's decision. However, Plaintiff's objections in contending that the Court should decline to adopt the R&R are in fact the same as the arguments previously made in her Motion. "It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R." *Marlite, Inc. v. Eckenrod*, 2012 WL 3614212, at

*2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y.1992)). In the R&R, Judge Reinhart considered at length Plaintiff's arguments.

Indeed, Judge Reinhart properly found that substantial evidence in the record supports the ALJ's stated reasons for according little weight to Dr. Stewart's opinions. In addition, contrary to Plaintiff's contention, Judge Reinhart correctly determined that the Appeals Council did not err in denying review despite the submission of ARNP Mary Groesbeck's Mental Impairment Questionnaire. First, when new evidence is presented and the Appeals Council nevertheless denies review, the Court "essentially considers the claimant's evidence anew to determine whether 'that new evidence renders the denial of benefits erroneous.'" *Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 903 (11th Cir. 2011) (quoting *Ingram v. Comm'r*, 496 F.3d 1253, 1262 (11th Cir. 2007)). As such, the Appeals Council "is not required to provide a thorough explanation when denying review." *Id*. Therefore, the reasons in the R&R given by Judge Reinhart for agreeing with the Appeals Council's denial of review were proper.

Upon careful review, the Court finds Magistrate Judge Reinhart's R&R to be expertly reasoned and correct. The Court further agrees that substantial evidence supports the ALJ's findings.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objections, **ECF No. [22]**, are **OVERRULED**, and Magistrate Judge Reinhart's R&R, **ECF No. [21]**, is **ADOPTED**;

2. Plaintiff's Motion for Summary Judgment, **ECF No. [17]**, is **DENIED**;

3. Defendant's Motion for Summary Judgment, **ECF No. [18]**, is **GRANTED**;

4. The ALJ's decision is **AFFIRMED**;

5. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 14, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

The Honorable Bruce E. Reinhart

Counsel of record